**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**John and Brenda Galloway**

**v.** Case No. 11-cv-272-PB
Opinion No. 2012 DNH 125

**Stephen M. Brox**

**MEMORANDUM AND ORDER**

This case involves a dispute over a right of way easement that John and Brenda Galloway granted to Stephen Brox in 1988. The Galloways argue that Brox breached a 2003 agreement obligating him to pay for the cost of expanding the right-of-way to accommodate his proposed use. They also seek an injunction barring Brox from using the easement to access a concrete plant that he proposes to build on an adjacent property. Brox challenged the complaint with a motion for summary judgment. For the reasons set forth below, I grant Brox's motion.

## I. BACKGROUND

The Galloways own a parcel of land straddling the border between Kingston and Plaistow, New Hampshire, with rights of frontage on Route 125. Brox owns an abutting thirty-acre parcel

of land in Kingston that did not have access to Route 125 in 1988.

On March 1, 1988, Brox obtained approval from the Town of Kingston to build asphalt and cement plants on his land and he recorded the approval later that month. He then began to negotiate with the Galloways for a right of way over their land to allow vehicles to access the proposed plants. The negotiations culminated in an agreement executed on August 12, 1988 (the "1988 Agreement") granting Brox a permanent right of way easement (the "Easement") over the Galloways' land. Def.'s Ex. B (Doc. No. 6-4). The agreement provides that Brox may use the Easement solely "for the purpose of access to cement and asphalt plants on [his] land." Id. ¶ 2.

The Easement was recorded later that month. The deed grants a "sixty foot right of way" to Brox and includes a single attachment detailing the location of the Easement. Def.'s Ex. A (Doc. No. 6-3). No other restriction is stated in the deed, and no other document is incorporated by reference. See id.

The Galloways subsequently obtained a permit from the Town of Kingston allowing them to construct an asphalt plant on their land. Def.'s Ex. E at 2 (Doc. No. 6-7). While the Galloways

were constructing their plant, Brox became concerned that the proposed location of the plant would invade his easement. Id. Brox hired a surveyor, and alerted the Galloways to his discovery that the proposed plant would, in fact, invade the Easement. Id. The Galloways disputed the location of the Easement and challenged Brox's rights to it. Id. In response, Brox filed suit against the Galloways to quiet title to the Easement. Id. On August 5, 2003, the parties entered into a settlement agreement (the "2003 Agreement") that revised the location of the Easement. Def.'s Ex. D (Doc. No. 6-6). The parties also agreed that Brox "shall bear the cost and expense of expanding Galloways' 10' wide internal road . . . as needed for Brox's use and operations." Id. ¶ 1. Lastly, the 2003 Agreement declared "all prior agreements between the parties, including any letters of intent, . . . null and void." Id. ¶ 2.

When the Galloways failed to sign or record the 2003 Agreement, and instead proposed an alternative plan that moved the Easement approximately thirty feet from the location described in the 2003 Agreement, Brox brought an action in Rockingham Superior Court to enforce the terms of the agreement. (Doc. 6-7 at 3). The court concluded that the 2003 Agreement

was based on a mutual mistake as to the location of the Easement. Id. at 6. Accordingly, the court reformed the 2003 Agreement to adopt the Galloways' alternative location. Id. The order was subsequently recorded at the Rockingham County Registry of Deeds. See id. at 1.

Shortly thereafter, the Galloways paved Roadstone Drive, a private road on their property that includes a portion of the Easement. They currently use Roadstone Drive to allow commercial vehicles to access their asphalt plant.

In 2010, Brox submitted a new application to the Kingstown Planning Board (the "Planning Board") seeking site plan approval for a concrete plant on his property. Brox listed the Easement on his application as a means of accessing his land. The Planning Board approved his application on August 16, 2011. The Galloways have challenged the Planning Board's decision in New Hampshire State Court, but their appeal was denied on March 14, 2012. Their motion for reconsideration is pending.

The parties do not dispute that Brox has never constructed a concrete plant on his land, nor has he used the Easement to access his land.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the record reveals "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The evidence submitted in support of the motion must be considered in the light most favorable to the nonmoving party, drawing all reasonable inferences in its favor. See Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001).

A party seeking summary judgment must first identify the absence of any genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A material fact "is one 'that might affect the outcome of the suit under the governing law.'" United States v. One Parcel of Real Property with Bldgs., 960 F.2d 200, 204 (1st Cir. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). If the moving party satisfies this burden, the burden shifts to the nonmoving party to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996); see Celotex, 477 U.S. at 323.

## III. ANALYSIS

The Galloways seek damages for breach of the 2003 Agreement and an injunction barring Brox from using the Easement to access his proposed concrete plant. I address Brox's challenge to each claim in turn.

### A. Breach of Contract

The Galloways contend that Brox breached the 2003 Agreement by listing the Easement on his site plan application without paying for the paving that the Galloways had done over the easement area. Brox counters that the agreement only obligates him to pay for the expansion of the road once he has used the Easement to access his land. The parties agree that listing the Easement on the site plan application was the only use Brox has made of the Easement. Def.'s Ex. F ¶¶ 2(a), 3(a), 4(c) (Doc. No. 6-8).

Contract interpretation, "including whether a contract term is ambiguous, is ultimately a question of law" for the court. Daniel v. Hawkeye Funding, Ltd. P'ship, 150 N.H. 581, 582 (2004) (quoting In re Reid, 143 N.H. 246, 249 (1998) (internal quotation marks omitted)). When the parties dispute the meaning of a contract's language, the court will find that

the language is unambiguous if the parties could not reasonably disagree as to its meaning. Sherman v. Graciano, 152 N.H. 119, 121 (2005). The court will "not perform amazing feats of linguistic gymnastics to find a purported ambiguity." Hudson v. Farm Family Mut. Ins. Co., 142 N.H. 144, 147 (1997). If the language is unambiguous, the court will assign meaning to the terms based on the plain meaning of the language used in the contract. Ryan James Realty, LLC v. Vills. at Chester Condo. Ass'n, 153 N.H. 194, 197 (2006); Baker v. McCarthy, 122 N.H. 171, 175 (1982).

The 2003 Agreement provides that Brox "shall bear the cost and expense of expanding Galloways' 10' wide internal road for two-way traffic as needed for [his] use and operations." (Doc. 6-6 ¶ 1). Apart from the agreement, neither party has presented any evidence about the meaning of this language.

Although the parties disagree as to whether listing the Easement on a site plan application constitutes "use," I need not reach that argument. The contract provides that Brox will only bear the cost of expanding the Galloways' internal road "*as needed* for [his] use." (Doc. No. 6-6 ¶ 1) (emphasis added). The Galloways do not claim that Brox needed to expand or

otherwise improve the Easement to list it on his site plan application. Therefore, Brox did not obligate himself to expand the road merely by listing the Easement in an application for site plan approval.

**B. Quiet Title Claim**

The Galloways also seek an injunction to prevent Brox from using the Easement to access his proposed concrete plant.[1] In support of this claim, the Galloways argue that the proposed use should be enjoined both because the parties did not intend for Brox to use the Easement to access a concrete plant and because his proposed use is unreasonable even if it was an intended use.

1. Scope of the Easement

The Galloways' first argument turns on the proper interpretation of the Easement deed, which is a question of law. Boissy v. Chevion, 162 N.H. 388, 391 (2011); Appletree Mall Assocs., LLC v. Ravenna Inv. Assocs., 162 N.H. 344, 347 (2011); Lussier v. New England Power Co., 133 N.H. 753, 756-57 (1990). As a general rule, deed restrictions must be interpreted to carry out the parties' intentions. See Heartz v. City of

[1] The Galloways alternatively request termination of the Easement, but provide no precedent to support this extreme remedy.

Concord, 148 N.H. 325, 331 (2002). When a deed's language is ambiguous, New Hampshire courts will apply a rule of reason to "give reasonable meaning to general or unclear terms in the deed language." Id. When the deed's language is "clear and controlling," however, that marks the end of the inquiry. Lussier, 133 N.H. at 757; see Heartz, 148 N.H. at 331.

The Easement does not contain any restriction on the uses to which it may be put. Moreover, the 1988 Agreement specifies that the Easement may be used "for the purpose of access to cement and asphalt plants on [Brox's] land." (Doc. No. 6-4 ¶ 2). To rebut this evidence, the Galloways offer only a sworn affidavit in which John Galloway avers that "the parties understood the easement would allow Brox to access his real estate to build a garage which would be used to repair and maintain his trucks." Pl.'s Ex. A ¶ 3 (Doc. 8-2). The Galloways, however, provide no evidence to support their conclusory assertion.

A conclusory statement unsupported by other evidence is insufficient to satisfy the nonmoving party's burden in opposing a motion for summary judgment. Heartz, 148 N.H. at 332; see Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990)

(acknowledging that object of summary judgment "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."); Sanchez v. Triple-S Mgmt., Corp., 492 F.3d 1, 12 n.11 (1st Cir. 2007). This is especially true here, where the Galloways not only fail to support their statement that the Easement was to be used to access a garage, but also fail to explain how this proposed use can be reconciled with a completely contradictory statement in the 1988 Agreement.[2]

2. Unreasonable Burden

The Galloways further argue that Brox's current proposed use of the Easement is unreasonable even if the Easement was intended to grant Brox access to his proposed cement and asphalt plants. Even if a deed explicitly allows an easement to be used for all purposes, "the parties involved must still act reasonably under the terms of the grant so as not to interfere with the use and enjoyment of each others' estates." Heartz, 148 N.H. at 332 (quoting Lussier, 133 N.H. at 758). When the

[2] The Galloways also argue that the 1988 Agreement is unenforceable because it was voided by the 2003 Agreement. Whether the 1988 Agreement is enforceable, however, is beside the point because here it is only used as evidence of "the position of the parties at the time of the conveyance." Boissy, 162 N.H. at 391.

rule of reason is applied "to determine whether a particular use of the easement would be unreasonably burdensome," the issue is treated as "a question of fact that is determined by considering the surrounding circumstances, such as location and the use of the parties' properties, and the advantages and disadvantages to each party." Id. at 331, 332. "[I]f [, however,] the complaining party fails to make sufficient factual allegations of unreasonable use or burden, [the court] need only consider the unambiguous language in the deed." Id. at 332.

In the present case, the only evidence the Galloways cite in support of their claim is their conclusory assertion that Brox is proposing to use the Easement for "non-stop, heavy construction traffic" over the Easement that "will result in more maintenance and necessary upkeep to [the Galloways'] private road." (Doc. No. 8-2 ¶¶ 5, 7). Just as the plaintiff's bare assertion in Heartz "that his property will be damaged" was insufficient, so too is the Galloways' unsupported statement that Brox's use will require "more maintenance and necessary upkeep." See 148 N.H. at 332.

Because the Galloways have failed to produce sufficient evidence to permit a reasonable fact finder to find in their

favor, I grant Brox's motion for summary judgment on their claim for injunctive relief.[3]

## IV. CONCLUSION

For the reasons stated above, I grant Brox's motion for summary judgment on both claims (Doc. No. 6). The clerk is directed to enter judgment accordingly and close the case.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

July 23, 2012

cc: Francis X. Quinn, Jr.
Charles P. Bauer, Esq.

[3] Nothing precludes the Galloways from suing Brox again should evidence arise that his actual use of the Easement is unreasonable under the circumstances.